## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IAM NATIONAL PENSION FUND and PHILIP J. GRUBER and HENRY C. EICKELBERG, Co-chairmen of the Board of Trustees of the IAM National Pension Fund,**<br><br>   **Plaintiffs,**<br><br>  **v.**<br><br>**G & V CONSTRUCTION CO., INC.**<br><br>   **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Case No.**<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

(An action for legal and equitable relief to enforce §515 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1145)

1.  This is an action for legal and equitable relief brought pursuant to 29 U.S.C. §§1132(a)(3) and 1145 by the IAM National Pension Fund (hereinafter "the Fund") and its Co-Chairmen (collectively "the Plaintiffs") to secure the performance of statutory and contractual obligations owed to the Plaintiff Fund.

2.  This Court has jurisdiction of this action under 29 U.S.C. §1132(e)(1).

3.  Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2).

4.  Plaintiff IAM National Pension Fund is a collectively bargained labor-management pension trust fund created by Agreement and Declaration of Trust originally entered into on May 1, 1960, pursuant to the provisions of 29 U.S.C. §186(c)(5). The Fund maintains its principal place of business at 1300 Connecticut Avenue, NW, Suite 300, in the City of Washington, DC.

5.  The Fund is an "employee pension benefit plan" within the meaning of 29 U.S.C. §1002(2) and a "multi-employer plan" within the meaning of 29 U.S.C. §1002(37).

6.  Philip J. Gruber and Henry C. Eickelberg are the Co-Chairmen of the IAM National Pension Fund Board of Trustees and are fiduciaries within the meaning of 29 U.S.C. §1132(a)(3).

7.  The defendant, G & V Construction Co., Inc. (hereafter "G & V") is a for-profit business organization authorized to do business in the State of Illinois and is a "contributing employer" within the meaning of 29 U.S.C. §1002(5).  G & V's principal office and place of business is located in Bensenville, Illinois.

8.  On or about or about June 1, 1998, G & V entered into a collective bargaining Agreement with Local Lodge No. 701 of the International Association of Machinists and Aerospace Workers (hereafter "the Union"). Pursuant to the Collective Bargaining Agreement, G & V agreed to make regular remittance reports and pension contributions to the Fund on behalf of those of its employees in the bargaining unit represented by the Union.

9.  The Collective Bargaining Agreement incorporates the Standard Contract Language of the Plan, which requires G & V to make monthly remittance reports and pension contributions to the Fund at the rate and on the basis required therein. G & V also adopted and agreed to be bound by the provisions of the Trust Agreement, and the Fund rules as amended from time to time (collectively "the Agreements").

10.  By entering into the agreements described in paragraphs 8, and 9, and the renewals thereof, G & V  became a "Contributing Employer" and the Union became a "participating lodge" under the Fund. Pursuant to these Agreements, G & V was obligated to file monthly remittance reports with the Fund showing the amount of time each employees in the Union's

2

bargaining units received pay in accordance with the Agreement. G & V was also obligated to pay to the Fund each month the contributions required by the Agreements on those reports.

11. Article V, Section 4 of the Fund Trust Agreement <u>as amended</u>, by which G & V has agreed to be bound, provides in pertinent part as follows:

> When an Employer has failed to pay the amounts due to the Pension Fund when such amounts become due and payable, that Employer shall be considered delinquent. If the Employer fails to make contributions within thirty (30) days after the date of the delinquency, the Employer shall be liable for liquidated damages of 20% of the amount due and simple interest shall be paid on all amounts due at the rate of 18% per annum from the date of the delinquency until the date payment is received. The Trustees may from time to time change the applicable percentages for liquidated damages and interest, but on a uniform basis for all Employers.

> The Trustees shall have the power to take any action necessary to enforce the payment of contributions, liquidated damages, interest, and other amounts due, including, but not limited to, the institution of or intervention in any legal, equitable or administrative proceedings, and all reasonable expenses incurred by the Fund in enforcing the payment of contributions, liquidated damages, interest, and other amounts due, including, but not limited to reasonable attorneys' fees, accountants' fees and court costs shall be added to the obligation of the defaulting Employer in addition to the amount due. The Employer agrees that such sums, together with liquidated damages and interest as set forth above, shall be included in any judgment issued by a court. The Trustees shall have the authority to settle or compromise any claims, suits, or legal actions for less than the full amount due when in their discretion, they deem it in the best interest of the Fund.

12. Notwithstanding its obligations to make timely contributions to the Fund required by the agreements to which G & V is a party and described in paragraphs 8 and 9 above, G & V has failed and refused since at least June 20, 1998 to make required remittance reports and pension contributions to the Fund in a timely manner, to wit: G & V has failed to submit the remittance reports and pension contributions for the months of June, 1998 through and including November, 2016 in a timely manner. Liquidated Damages and Interest has accrued thereon. As a result of G & V's continuing refusal timely to fulfill those obligations, defendant owes the Fund

3

contributions, remittance reports and liquidated damages and interest as of the date of this complaint.

13. Section 515 of the ERISA, 29 U.S.C.§145 imposes a statutory obligation on an employer to make contributions to a multiemployer pension plan that are required by a collective bargaining agreement. Specifically it states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

14. Section 502(g)(2), 29 U.S.C.§1132(g)(2), states that in an action by a fiduciary to enforce Section 515 of ERISA, 29 U.S.C.§1145, in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A)   the unpaid contributions,
> (B)   interest on the unpaid contributions,
> (C)   an amount equal to the greater of
>> (i)    interest on the unpaid contributions, or
>> (ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D)   reasonable attorney's fee and costs of the action, to be paid by the defendant, and
> (E)   such other legal or equitable relief as the court deems appropriate.

15. Notwithstanding Plaintiffs' efforts to secure G & V's voluntary compliance with its contractual and statutory obligations to submit monthly remittance reports and pension contributions to the Fund, G & V has failed and refused to make such payments in an accurate and  timely manner.

4

WHEREFORE, Plaintiffs pray that the court enter an order (a) permanently enjoining G & V, its officers, agents, successors and assigns from failing or refusing promptly to submit to the Fund all remittance reports and (b) awarding contributions now due and owing by G & V to the Fund but not yet paid, interest on the unpaid contributions, plus an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the Fund. Plaintiffs further pray that the Court award reasonable attorneys' fees and costs as incurred in this action and such other or further relief as the interests of justice may require.

Respectfully submitted,

/s/ Travis J. Ketterman

Dated: January 24, 2017

_____

Travis J. Ketterman
McGann Ketterman & Rioux
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 251-9700
(312) 251-9701 (facsimile)
tketterman@wmklaborlaw.com


/s/ Joseph P. Martocci, Jr.

_____

Joseph P. Martocci, Jr.
1300 Connecticut Avenue, NW
Suite 300
Washington, DC 20036
(202) 785-2658
(202) 463-8098 (facsimile)
jmartocci@iamnpf.org

Attorneys for Plaintiffs